IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACQUELINE RENE BARTOSH,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

                Defendant.

OPINION & ORDER

14-cv-688-jdp

---

Plaintiff Jacqueline Rene Bartosh seeks judicial review of a final decision of defendant Carolyn W. Colvin, the acting commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. For reasons discussed during the hearing held August 28, 2015, the court will remand this case to the commissioner for further proceedings.

Bartosh alleged that she suffers from chronic Lyme disease and cognitive difficulties either arising from the Lyme disease or from side effects of her medication. The ALJ assessed Bartosh with the following severe impairments: "history of Lyme disease" and "cognitive disorder." R. 16. The ALJ concluded that Bartosh did not meet the criteria for listed impairments under section 14.00 (immune system disorders) and 12.02 (organic mental disorders). R. 16-18. The ALJ assigned Bartosh the residual functional capacity of "light work [with additional physical limitations]. The claimant is able to perform simple tasks with a few detailed and a few multi-step tasks but due to her fatigue she is limited to working in an environment with moderate pace." R. 18. The ALJ found that Bartosh was not disabled because there was work available to her, including her past work as an art teacher. R. 22.

---

[1] Bartosh named "Commissioner of Social Security" as the defendant in the caption of this appeal. I have amended the caption to include the name of the acting commissioner.

Remand is required because the ALJ did not draw an accurate and logical bridge from the evidence to the RFC. On remand, the ALJ must revisit the following issues.

First, Bartosh testified that her symptoms wax and wane. On her (increasingly rare) good days, she is physically robust and athletic, but she has multiple severe flare-ups each month that render her foggy and confused and nearly unable to move. Ordinarily, this court would defer to the ALJ's credibility determinations. But here, the ALJ's reasoning is hard to fathom. The ALJ found that Bartosh in fact had severe impairments, based ultimately on Bartosh's reports of her symptoms. The ALJ found her partially credible, but the ALJ did not articulate what parts of Bartosh's testimony were rejected. The ALJ did not squarely address the flare-up issue. Bartosh said she was laid low multiple days a month, but the ALJ assigned an RFC that portrayed Bartosh as a person with consistent, but modest limitations.

Second, the ALJ must more clearly explain how much weight she assigns to the opinions of Bartosh's treating physician in California, Dr. Harris. The ALJ noted that Harris was facing disciplinary charges concerning his diagnoses, but she did not explicitly discount his opinion for this reason. R. 19. The ALJ is entitled to discount Dr. Harris's conclusory statements that Bartosh is disabled, but the ALJ must evaluate Dr. Harris's opinions according to the framework established under § 404.1527(c).

Third, after reassessing the evidence of Bartosh's limitations, the ALJ must also re-evaluate listing 14.00, "Immune System Disorders." Bartosh's reports of severe fatigue, fever, malaise, and musculoskeletal pain, if credited, may provide a predicate for a listed disability.

Fourth, although this is not an independent basis for remand, it would also be helpful for the ALJ to obtain a more particularized assessment of how Bartosh's specific limitations are capable of being accommodated by the various jobs that the VE identified. I recognize

that the limitations in the RFC were presented to the VE in the form of hypothetical questions. Under current regulations, this is enough to establish the admissibility of the VE's opinion. But that does not make the VE's testimony compelling evidence. Let me cite one example: it is not at all clear how any of the occupations cited by the VE would accommodate the restriction in the RFC to work "in an environment with moderate pace." Work as an art teacher, or a customer service representative, may not be physically strenuous, but the VE did not explain how he reached the somewhat counterintuitive conclusion that they are performed at moderate pace.

To sum up, perhaps the ALJ concluded that Bartosh's flare-ups were never serious enough to keep her out of work, but the ALJ did not say that. Bartosh has undertaken a rigorous course of treatment, and traveled cross-country to be examined by Dr. Harris, a physician she regards as a specialist. Perhaps Dr. Harris is a quack, and perhaps Bartosh's symptoms are all in her mind. But given the efforts that Bartosh has taken, it is hard to question that she sincerely believes that she is very ill. The ALJ can dismiss her testimony and Dr. Harris's evidence, but only after carefully evaluating the main thrust of Bartosh's case, which is that she has debilitating flare-ups often enough to keep from working full-time.

Bartosh was represented at the original ALJ hearing, but she fired her attorney and appeared *pro se* at the August 28, 2015 hearing. I encourage her to seek counsel to guide her through the proceedings on remand.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is

3

REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

    Entered September 1, 2015.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge